AMERICAN GROCERY COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. A & W WINE & LIQUOR CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued January 19, 1944—Decided April 4, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellant, *Reuben P. Goldstein.*

For the defendant-respondent, *Budd & Larner* (*Samuel A. Larner*).

The opinion of the court was delivered by

CASE, J.   American Grocery Company, a corporation, operated a store known as "Big Bear Super Market" at Teaneck.   It leased a part of the store premises to one Frank Sacks to be used for the sale of alcoholic beverages.   Sacks assigned to A & W Wine & Liquor Corp., which entered into possession and operated under the lease.   The wine company, inasmuch as it had only three employees, was not subject to assessment for contributions to the Unemployment Compensation Commission unless the wine company was, within the meaning of the statute (*R. S.* 43:21–1, *et seq.*), a contractor or subcontractor under, forming a part of the usual business of, the grocery company, in which event the employees of the wine company would properly, under the statute, be numbered with other employees chargeable to the grocery company in fixing the contribution assessed against the latter company and the grocery company would be obliged to pay the entire assessment, with the right, however, to recover a prorated amount from the wine company—"Any employing unit who shall become liable for and pay contributions with respect to individuals in the employ of any such contractor or subcontractor *  *  *  may recover the same from such contractor or subcontractor"—*R. S.* 43:21–19(g).

The Unemployment Compensation Commission, having made an investigation and audited the employment records as they were on February 23d, 1943, impressed the grocery company with an assessment for contributions on the finding that the wine company was a concessionaire of the grocery company, that the relations between the two companies were such that the employees of the wine company were in the

employ of the grocery company under section 19 (g) of the statute and that consequently the latter company, as the employing unit, was liable under the statute cited *supra*. The grocery company was served with a demand for payment and made the payment accordingly. It, in turn, demanded reimbursement from the wine company, was refused and, on March 31st, 1943, brought this suit. The effort to recover was based upon the statute and also upon a paragraph in the lease which provided that "If any governmental authority should require the payment of any tax or license fee by the Landlord because of the operation of the business of the Tenant, then, in that event the Tenant agrees to pay and satisfy, when due, any or all such taxes or license fees to the Landlord, or to that authority which has imposed the tax or license fee." The District Court Judge, sitting without a jury, found that the relationship between the two companies was one of landlord and tenant and that the wine company was not a contractor or subcontractor under the statute; and awarded the verdict to the defendant. Plaintiff appeals.

The state of demand, as we have indicated, contained two counts. The first count sought recovery solely under the statute; the second grounded in the payment of the assessment and in the provision of the contract quoted above.

The lease was not so drawn as to impose its covenants upon the assignee of the lease. The assignee, by virtue of privity of estate, was, of course, burdened during tenancy with such of the covenants as ran with the land, *Conover* v. *Smith,* 17 *N. J. Eq.* 51; *Meyer* v. *Alliance Investment Co.,* 84 *N. J. L.* 450; *West Shore Railroad Co.* v. *Wenner,* 70 *Id.* 233, 240; but the assessment now in controversy had to do with the relationships of employer, contractor, subcontractor and employee, and not at all with the land. Consequently, in our opinion, there can be no recovery under the lease.

The primary question in the case, however, is whether the District Court had jurisdiction to review the legality of the assessment made by the Unemployment Compensation Commission against American Grocery Company on the account of A & W Wine & Liquor Corp. It is admitted that the assessment was made and that the grocery company paid it.

It is also conceded by specific statement in the respondent's brief that respondent does "not question the constitutionality of the statute or its provisions." The brief does contain the suggestion that to preclude the reputed contractor from interposing legal defenses in the District Court action would be a deprivation of its property right without due process of law, but that is an argument addressed to the question of legislative intent and is not presented as an attack upon the statute. The underlying intention of the legislature, which penetrates every provision of the statute, is that the police power of the state should be, and is being, used in the interest of the general welfare to equalize and lighten the burden of unemployment. For reasons that were statutorily sufficient the legislature omitted from the scheme of benefits and burdens such employees and employers as did not involve a designated volume of employment, but, again for reasons statutorily suf- · ficient, it set up guards against an abuse of that exclusion. Among such guards were definitions of "employer" and "employing unit" and a series of statutory devices whereby divisions and subdivisions of what the legislature regarded as employment units should not result in escapes from the application of the scheme. Machinery had, of necessity, to be set up to accomplish the legislative purpose and that need was met by creating the Unemployment Compensation Commission. That commission is by statute (*inter alia* R. S. 43:21–14(a), (b), (c), (d), (e)) constituted the agency of the state for determining liability to pay, and the amount of, contributions and to collect the contributions. We shall not analyze the statute to determine whether an administrative review is provided or should be followed. The Supreme Court has, of course, jurisdiction, by writ of *certiorari*, to review the acts of that statutory tribunal—a method of review that was pursued in *Singer Sewing Machine Co.* v. *New Jersey Unemployment Compensation Commission*, 128 *N. J. L.* 611; *Raines* v. *Unemployment Compensation Commission*, 129 *Id.* 28, and other cases. No convincing reason is presented to us why the wine company did not pursue, or could not have pursued, such a course. It is said by respondent that it was not in position to attack the ruling of the Compensation

Commission because it was not a party to the tax proceeding. In a sense it was not a party; in another sense it was. Its status was, and under the statute had to be, determined by the Commission. Respondent knew—surely at the time of suit if not before—that the ruling had been made but it exerted no effort to obtain a review either within the Commission or by the Supreme Court. It is unconvincing for the respondent to say now that it could not obtain that which it did not try to get. That which is now before us is the record in the District Court, not the record in the Commission. We cannot, under the present appeal and the record which comes to us with it, determine whether the assessment was lawfully imposed.

The legality of the assessment was not, we think, a proper subject for inquiry or decision by the District Court. The issue there was whether the statutory ground for recovery existed, namely, whether the Commission had imposed the assessment and the grocery company had paid it. The determination by the Commission of liability and the payment by the grocery company were clearly made to appear. The Commission was not a party to the District Court action. The District Court had no means of knowing, judicially, upon what legal or factual fulcra the assessment turned; and in any event the jurisdiction of the District Court is statutory and does not include the authority to review an official act of the Commission. Such a defense was not cognizable by the District Court. That court undertook, in effect and improperly, to review the finding by the Commission that the wine company was a contractor, or a subcontractor under the grocery company.

Our disposition of the major issue makes it unnecessary to pass upon a contested ruling on evidence.

The judgment below will be reversed, with costs. Perhaps the record is such that, strictly, a judgment for the appellant might now be ordered; but the question adjudicated against the appellant appears to be novel under this statute and the record will, therefore, be remanded to the District Court for such procedure as the parties, or either of them, in the light of this decision, may be disposed to essay.